57 F.3d 1069
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 AMERICAN BOARD OF FAMILY PRACTICE, INCORPORATED, Plaintiff-Appellee,
v.
I.G. MANIS, Jr., Executor of the Estate of Nicholas J.
Pisacano, Deceased, Defendant-Appellant.
 No. 93-6489.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1995.
 
 Before MILBURN and RYAN, Circuit Judges; and GODBOLD, Senior Circuit Judge.*
 RYAN, Circuit Judge.
 
 
 1
 The defendant, as executor of Nicholas Pisacano's estate, appeals the district court's order granting summary judgment for the plaintiff in this declaratory judgment action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sec. 1001, et seq. We are asked to determine: (1) whether the district court erred in holding that the American Board of Family Practice, Inc. properly fulfilled its duties as the administrator of Nicholas Pisacano's pension plan when it directed the Plan trustee to make a distribution of Plan benefits to Nicholas Pisacano's surviving spouse, and (2) whether the estate may assert a cause of action for breach of fiduciary duty. We conclude that the estate's assignments of error are without merit and affirm the judgment of the district court.
 
 I.
 
 2
 The American Board of Family Practice, Inc. ("the Board") is a non-profit corporation which certifies physicians in the area of family practice. Dr. Nicholas Pisacano served as executive director of the Board from 1969 until his retirement on December 31, 1989. He briefly returned to the Board on March 1, 1990, and worked until his death on March 11, 1990. His wife, Virginia Leigh Pisacano, also worked for the Board. She kept financial and payroll records, and acted as secretary to the board of directors.
 
 
 3
 On January 1, 1980, the Board adopted an employee benefit plan entitled, "American Board of Family Practice, Inc. Pension Plan and Trust" ("the Plan"). Dr. Pisacano was a participant in the Plan. Pursuant to the terms of the Plan, the Board funded a monthly pension for Dr. Pisacano.
 
 
 4
 Dr. Pisacano turned 69 years of age in June 1989, and planned to retire as of December 31, 1989. In anticipation of his retirement, Dr. Pisacano, on December 9, 1989, executed a benefit election form in which he elected to receive a lump sum distribution of his Plan benefits instead of receiving monthly payments. A form dated February 5, 1990, contains the signature "Nicholas J. Pisacano," and names Virginia Pisacano as the beneficiary of his Plan benefits. Dr. Pisacano's wife executed a spousal consent to her husband's waiver of the Plan's joint and survivor annuity option.
 
 
 5
 Dr. Pisacano terminated his employment with the Board on December 31, 1989. On January 4, 1990, Dr. Pisacano executed an agreement with the Board providing for his return to employment with the Board on March 1, 1990. Dr. Pisacano returned to work on March 1, 1990, and died shortly thereafter on March 11, 1990. As of March 11, 1990, the Board had not yet made a distribution of the Plan benefits to Dr. Pisacano.
 
 
 6
 On March 15, 1990, Paul R. Young, M.D., Executive Director of the Board, directed First Security National Bank, the Plan trustee, to pay Mrs. Pisacano the sum of $1,105,743. Dr. Young directed the bank to make this payment to Mrs. Pisacano pursuant to advice given to him by J. Whitney Wallingford, legal counsel for the Board. Also, on March 15, 1990, the day of her husband's funeral, Mrs. Pisacano retained Whitney Wallingford as legal counsel. First Security sent a check to Mrs. Pisacano on March 16, 1990, in the amount of $1,098,000, and sent a second check on March 27, 1990, in the amount of $7,447.
 
 
 7
 Dr. Pisacano's will provides that his residuary estate is to be held in trust for the benefit of Mrs. Pisacano during her lifetime. Upon her death, the remainder interest in the trust passes to Dr. Pisacano's children.
 
 II.
 
 8
 The Board filed suit in the United States District Court for the Eastern District of Kentucky seeking a declaratory judgment under Sec. 502(a)(3) of ERISA, 29 U.S.C. Sec. 1132(a)(3), that it, as administrator of the Plan, properly fulfilledits duties under the Plan in directing First Security to make a distribution of Dr. Pisacano's benefits to Mrs. Pisacano. I.G. Manis, Jr., Executor of the Estate of Dr. Pisacano, counterclaimed to recover the Plan benefits under Sec. 502(a)(1)(B) of ERISA, 29 U.S.C. Sec. 1132(a)(1)(B). The estate also alleged a breach of fiduciary duty by the Board under Sec. 502(a)(3)(B)(i) of ERISA, 29 U.S.C. Sec. (a)(3)(B)(i), in connection with the benefits distribution.
 
 
 9
 The Board moved for summary judgment on September 23, 1993. The estate opposed summary judgment on the ground that Dr. Pisacano's designation of beneficiary form was a forgery. The estate presented an expert who, in a sworn affidavit, concluded that the signature "Nicholas J. Pisacano" on the form was a well-executed forgery. Two other experts, a police officer and a handwriting expert appointed by the district court, concluded that the signature was genuine. The district court granted summary judgment for the Board and dismissed the estate's counterclaim with prejudice. Accordingly, the court entered a declaratory judgment that the Board properly fulfilled its duties as administrator of the Plan. The court held that there was no need to decide whether the signature on the designation of beneficiary form was a forgery because
 
 
 10
 even if an issue exists whether the "Nicholas J. Pisacano" signature on the designation of beneficiary form is authentic and even if section 5.8(a) [of the Plan] is inapplicable, application of section 5.5 [of the Plan] mandates that Virginia Pisacano, the surviving spouse, is the beneficiary and that the lump sum benefits be paid to her.
 
 
 11
 The estate appeals and urges this court to reverse.
 
 III.
 
 12
 The Honorable Karl S. Forester of the United States District Court for the Eastern District of Kentucky concluded that the defendant's attacks on the Board's decision must ultimately fail. Judge Forester set forth his analysis and conclusion in a scholarly and well-reasoned opinion. We find no need to restate here what the district court has stated so well.
 
 
 13
 We conclude that, for the reasons set forth in the district court's opinion, which we adopt as our own, the Board's decision was not arbitrary and capricious. Therefore, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable John C. Godbold, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation